# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WERNER WICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 2:19-CV-00021-RWS |
| PRABHU PARAMATMA, LOUIS BERIA, ) | |
| LSC 1 MANAGEMENT CORP., SAKS ) | |
| MANAGEMENT AND ASSOCIATES, ) | |
| LLC, and WICKER, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER APPOINTING RECEIVER, ALLOWING LIMITED EXPEDITED DISCOVERY, AND ENJOINING SALE OR ENCUMBRANCE OF WESTMINSTER APARTMENTS

This matter came before the Court on February 4, 2019 for a hearing regarding the appointment of a receiver ("Receiver") to oversee the business of Wicker LLC while this case is pending. The parties consented to the appointment of a Receiver and presented argument as to the proposed scope of the Receiver's authority. Having considered the record, the evidence, the parties' arguments, and the law,

IT IS HEREBY ORDERED that a Receiver be appointed, and that Plaintiff Werner Wicker ("Plaintiff") may conduct limited expedited discovery with respect to financial information and an on-site inspection regarding the Westminster Square

Apartments in Marietta, Georgia (the "Westminster Apartments"), in accordance with the following:

## I. The Appointment of the Receiver.

Pursuant to Federal Rule of Civil Procedure 66 and the Court's inherent authority, the Court appoints Spencer Patton as the Receiver of Wicker LLC. The Receiver's paramount duty is to preserve and protect the value of Wicker LLC's assets by overseeing and maintaining the real and personal property that it owns and by defending Wicker LLC in any existing and future legal actions. The Receiver's specific duties, rights, and obligations are set forth below.

1. **Scope of the Receiver's Authority**: Pursuant to this Order and subject to the oversight of this Court, the Receiver shall have authority to:

    a. Take actions to preserve the assets of Wicker LLC, including but not limited to causing Wicker LLC to pay all ordinary and necessary expenses to maintain the real properties that Wicker LLC owns; causing Wicker LLC to pay all federal, state, and local tax obligations of Wicker LLC; causing Wicker LLC to purchase sufficient insurance to protect the assets of Wicker LLC and/or causing Wicker LLC to make payments pursuant to any such existing insurance contracts; and entering into contracts on

behalf of Wicker LLC for those services necessary to aid the Receiver in the administration of the above listed duties, including but not limited to entering into contracts with service providers, property managers, real estate brokers, appraisers, and accountants.

b.  Evaluate and make recommendations to the parties in this case and the Court with respect to any offers that Wicker LLC receives to purchase or acquire any property, or any portion thereof, owned by Wicker LLC.

c.  Control Wicker LLC's bank account(s) and to open new bank accounts on behalf of Wicker LLC.  The Receiver shall have the authority to make the Receiver the sole signatory on any bank account of Wicker LLC and/or to authorize people who are supervised by the Receiver to be signatories on any such bank account.  The Receiver shall pay the expenses of Wicker LLC out of Wicker LLC's bank account(s).

d.  Receive all payments due to Wicker LLC and to deposit such payments into Wicker LLC's bank account(s); provided, however, acceptance and deposit of payments shall not be

        deemed a ratification, approval, or waiver of Wicker, LLC or any other party.

e.    Obtain information and documents regarding the assets of Wicker LLC. The parties shall cooperate in good faith with providing the Receiver with such information and documents.

f.    Defend Wicker LLC against any claims asserted against it in litigation or otherwise, including but not limited to the claims that have been asserted against Wicker LLC in the lawsuit that is pending in the Supreme Court of New York, Nassau County and any eminent domain or condemnation proceedings relating to any of the properties owned by Wicker LLC. The Receiver shall be authorized to retain counsel to represent Wicker LLC in defending any legal action.

2.    **Limitations on the Receiver's Authority**. The Receiver shall <u>not</u> have the authority, without further Order of this Court, to:

a.    Assist any party in this case in pursuing his or its claims against any other party, provided, that the Receiver is authorized to provide information to Plaintiff Werner Wicker and Defendant

-5-

        Prabhu Paramatma, so long as the same information is provided to Mr. Wicker and Mr. Paramatma.

    b.    Investigate or pursue new claims against any party to this case or any third party.

    c.    Conduct, or retain anyone else to conduct, an accounting of Wicker LLC's transactions and finances. The Receiver's role shall be limited to preserving the assets of Wicker LLC as this case is pending as described in Paragraph 1 above.

    d.    Exercise any control over the Westminster Apartments.

3.    **<u>Additional Terms</u>**: The following additional terms shall apply to this Receivership:

    a.    The parties shall cooperate with any and all reasonable requests by the Receiver with respect to providing information, documents, or necessary approvals for the Receiver to perform the duties of the Receiver.

    b.    The parties shall not interfere with the duties of the Receiver or exercise any control or dominion over any property of Wicker LLC.

c. Subject to the Court's approval, Wicker LLC shall pay the Receiver's fees based on the hourly rate of the Receiver and the hourly rate of the professionals and staff working with the Receiver. Wicker LLC also shall reimburse the Receiver for any expenses reasonably incurred by the Receiver (or any of the professionals or staff working with the Receiver) in the exercise of the Receiver's duties. The Receiver shall submit requests for compensation and reimbursement of expenses to the Court every forty-five (45) days. Such requests for reimbursement and compensation also shall include requests for reimbursement and compensation by any law firm and/or attorney that the Receiver retains to represent Wicker LLC with respect to defending Wicker LLC in any legal action.

d. The Receiver shall submit reports to the Court every forty-five (45) days that document the expenses paid by Wicker LLC and the revenue received by Wicker LLC during such time-period. The Receiver also shall submit reports to the Court with recommendations regarding offers to purchase any of Wicker

       LLC's properties or proposals to settle any claims asserted against Wicker LLC as necessary.

e. Each party shall have a minimum of ten (10) days to object to any recommendations made by the Receiver to the Court with regard to the assets of Wicker LLC, including but not limited to any recommendation to settle any claim alleged against Wicker LLC in any litigation.

f. Except in the event of gross negligence, willful misconduct, or actions in violation of Orders of the Court, the Receiver (and all of the Receiver's representatives, employees, agents, and professionals) shall be held harmless from any claims, liabilities, losses, and damages arising out of the Receiver's services performed in the course of the Receivership.

g. The appointment of a receiver shall not affect the claims or defenses of the parties in this case (including defenses based on service, venue, and jurisdiction), or the claims or defenses of third parties, who shall have the right to pursue any all claims, counterclaims, and defenses available to them.

    h.    The Receivership shall continue until further Order of this Court or dismissal of this action by the Court.

## II. Limited Expedited Discovery Regarding Westminster Apartments.

Plaintiff may conduct limited expedited discovery by serving Defendant SAKS Management and Associates, LLC ("SAKS") with requests for production of documents and requests for entry upon designated land pursuant to Federal Rule of Civil Procedure 34 to obtain additional information regarding any agreement(s) between SAKS and Wicker, LLC, the finances and current condition of Westminster Apartments. SAKS is required to serve its written responses to any such requests within ten (10) days of the date of service upon SAKS.

## III. Injunction From Sale Or Encumbrance Of Westminster Apartments.

SAKS is hereby ENJOINED from selling, conveying and/or encumbering in any way Westminster Apartments.

SO ORDERED this 8th day of February, 2019.

_____
**RICHARD W. STORY**
United States District Judge